UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNION SECURITY INSURANCE COMPANY, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | C.A. No. 2:19-cv-159 |
| LETICIA DE LA PAZ, DESIRAE GARZA, AND RICO DE LA PAZ, | § § § § | |
| *Defendants*. | § § | |

## COMPLAINT

Plaintiff Union Security Insurance Company ("USIC") files this Original Complaint, and states as follows:

### I.   PARTIES

1. **Plaintiff.**  USIC is a Kansas corporation with its principal place of business in Rapid City, South Dakota.

2. **Defendant Leticia De La Paz.**  Defendant and claimant Leticia De La Paz ("Leticia") is an individual and citizen of Texas, and currently resides and may be served with process at 622 E. Warren Ave., Kingsville, Texas 78363.

3. **Defendant Desirae Garza.**  Defendant and claimant Desirae Garza ("Desirae") is an individual and citizen of Texas, and currently resides and may be served with process at 1127 W. Kenedy No. 11., Kingsville, Texas 78363.

4. **Defendant Rico De La Paz.** Defendant and claimant Rico De La Paz ("Rico") is an individual and citizen of Texas, and currently resides and may be served with process at 1505 E. Corral Ave., Apt. 905 Kingsville, Texas 78363.

## II.   JURISDICTION AND VENUE

5. **Jurisdiction.** This Court has exclusive jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1). The life insurance benefits at issue are payable under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as USIC is a citizen of Kansas and South Dakota, and Defendants are citizens of Texas, and the amount in controversy exceeds $75,000.00.

6. **Venue.** Venue is proper in this Court under 29 U.S.C. § 1132(e)(2), as one or more of the Defendants reside in or may be found in this district.

## III.   OPERATIVE FACTS

7. **The Policy.** USIC issued Group Policy No. G 5487019 (the "Policy") to Troy Construction, LLC (the "Policy Holder") on January 1, 2018 as part of the Policy Holder's employee benefit plan. By virtue of his employment with the Policy Holder, Israel Soto Garza, Jr. (the "Insured"), was a participant and eligible for coverage under the Policy, subject to the terms thereof, and was issued life insurance coverage thereunder. The Insured opted for the Employee Basic Life coverage with a $25,000.00 benefit and Voluntary Employee Life coverage with a $100,000.00 benefit, which totals to $125,000.00 in life insurance coverage (the "Policy Proceeds"). The Insured enrolled in the Policy effective January 1, 2018. Upon enrolling in the Policy, the Insured designated

his "domestic partner," Leticia, as the primary beneficiary under the Policy, and designated "all living children" as the contingent beneficiaries. The Insured never made any changes to the Policy's beneficiary designations.  Upon information and belief, Desirae and Rico are the Insured's only living children and contingent beneficiaries under the Policy.

8. **Death of the Insured.**  The Insured died on September 2, 2018.

9. **USIC's Possible Double or Multiple Liability.**  On or about September 13, 2018, USIC received correspondence from Desirae's legal counsel informing USIC that Desirae was making a claim to the Policy Proceeds.  On or about September 26, 2018, USIC received correspondence from Leticia also making a claim to the Policy Proceeds in her capacity as the Policy's beneficiary. By letter dated October 21, 2018, USIC's claims administrator notified Desirae that she was not listed as the primary beneficiary of the Policy and requested that she sign a disclaimer waiving any claim or interest in the Policy Proceeds.  Shortly thereafter, and in good faith, USIC paid Leticia half of the total Policy Proceeds, plus interest, totaling to $62,625.80. USIC planned to pay Leticia the remaining half of the Policy Proceeds once it received the disclaimer signed by Desirae.

10. Thereafter, Desirae contacted USIC on or around January 16, 2019 and asserted that the Insured was computer illiterate and challenged the validity of the Insured's designation of the Policy Proceeds to Leticia.

11. By letter dated March 3, 2019, USIC's claims administrator notified Desirae and Leticia that they had both asserted competing claims to the Policy Proceeds and encouraged the two of them to attempt to resolve the competing claims. No resolution was received.

12. The Policy provides that, unless changed, the beneficiary(s) named by the Insured for the Policy is the payee to whom Policy Proceeds are to be paid, and if no primary beneficiary, or contingent beneficiary, is living or available under the law, then the Policy Proceeds will be paid to the first qualified surviving class of the following classes of individuals: (1) the Insured's lawful spouse; (2) the Insured's living children; (3) the Insured's living parents; and (4) the Insured's estate.

13. **Rival Claims.** USIC has a reasonable doubt as to whom—between Leticia on one hand, and Desirae and Rico on the other—is entitled to the Policy Proceeds. Based on the allegations that the Insured lacked the requisite mental capacity to effectively designate Leticia as the Policy's primary beneficiary, USIC is uncertain whether the Insured's designation of any of the beneficiaries is valid. It follows that if the Insured was illiterate and lacked capacity to designate Leticia as the primary beneficiary of the Policy, then the same incapacity may invalidate his designation of Desirae and Rico as the contingent beneficiaries. Texas law holds that insurance policy beneficiary designations made while an insured lacks the requisite capacity are invalid designations and frequently struck by courts. *See, e.g., Tomlinson v. Jones*, 677 S.W.2d 490, 492 (Tex. 1984).

14. If the Insured lacked the requisite capacity to designate Leticia as the primary beneficiary under the Policy and Desirae and Rico as the contingent beneficiaries, then Desirae and Rico would nonetheless be the proper payees of the Policy Proceeds because the Insured did not have a lawful spouse, and Desirae and Rico would be the individuals in the next qualifying surviving class. However, if the Insured did have the requisite capacity

to designate Leticia as the primary beneficiary, then Leticia would be the proper payee of the Policy Proceeds, and Desirae and Rico would not be entitled to such Proceeds.

15. As a result of these conflicting claims and uncertainties, USIC seeks resolution on conflicting claims in good faith. USIC is or may be exposed to double or multiple liability. USIC has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate recipient(s). Accordingly, USIC has no independent liability to any of the Defendants and is a disinterested stakeholder in this case. USIC therefore desires to interplead the entire amount of the Policy Proceeds. USIC admits liability for the Policy Proceeds and tenders same to the Court.

### IV.     CLAIMS FOR RELIEF

16. **Interpleader.** USIC interpleads Defendants pursuant to 28 U.S.C. § 1335. USIC has a good faith doubt as to whom the Policy Proceeds are owed. USIC admits its obligation to pay the Policy Proceeds, but cannot pay those Policy Proceeds in the face of possible competing claims without subjecting itself to the possibility of double or multiple liability. If it is determined that Desirae and Rico are the proper payees of the Policy Proceeds, then USIC is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. However, in the event that Leticia is determined to be the proper payee of the Policy Proceeds, USIC is an interested stakeholder and also makes claim to the Policy Proceeds in the amount of $62,625.80, being the amount already paid to Leticia in good faith. USIC has no independent liability to any Defendant in this

interpleader. USIC shall, upon the granting of its interpleader, pay into the Registry of the Court the Policy Proceeds in addition to any interest incurred on such Proceeds.

17. **Attorneys' Fees.**  USIC is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

18. **Money Had and Received/Equitable Recoupment.**   If the Court determines that Leticia is not the proper beneficiary and recipient of the Policy Proceeds, USIC seeks to recover from Leticia the partial payment of the Policy Proceeds that USIC paid to her in the amount of $62,625.80, which represents half of the Policy Proceeds plus interest that accrued thereon, for which USIC sues. Leticia holds this money and has not paid any portion of it back to USIC.  USIC paid this partial payment to Leticia in good faith and prior to learning that Desirae would not disclaim her interest. Therefore, if the Court determines Leticia is not the proper beneficiary and recipient of the Policy Proceeds, then USIC is entitled to recover the partial payment of $62,625.80 from Leticia, as Leticia holds that money, which belongs to USIC in good conscience.

## V.   PRAYER

22. **Relief Requested**. USIC respectfully requests the following relief:

   (a) That Defendants be served with process and be required to answer in the time and manner prescribed by law;

   (b) That Defendants be required to interplead and settle among themselves their rights and claims to the Policy Proceeds;

   (c) That the Court enter an order enjoining and restraining Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy involved in this interpleader action;

___

(d)     That on final hearing, Defendants for themselves, their heirs, legal representatives, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court against USIC relating to the Policy;

(e)     That USIC be awarded judgment against Leticia in the amount of $62,625.80, if she is not determined to be the proper beneficiary and recipient of the Policy Proceeds;

(f)     That USIC be awarded its reasonable attorneys' fees and court costs in connection with the interpleader;

(g)     That USIC be fully and finally discharged from further liability to Defendants, and all other persons claiming by, through, or under them; and

(h)     That this Court grant all such other and further relief, both general and special, at law and in equity, to which USIC may show itself justly entitled.

Respectfully submitted,

By:   */s/ Andrew G. Jubinsky*
      Andrew G. Jubinsky
      Texas Bar No. 11043000
      andy.jubinsky@figdav.com
      Nicole H. Muñoz
      Texas Bar No. 24098153
      nicole.munoz@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR PLAINTIFF
UNION SECURITY INSURANCE COMPANY